J. SHOMON V. THE SPRING RIVER POWER COMPANY.

No. 15,517.   ( 99 Pac. 235.)

SYLLABUS BY THE COURT.

PARTIES—*Damages*—*Overflow of Land*—*Action by a Lessee.*   S.
commenced an action to recover damages against a water-
power company, charging it with having dammed up a river,
thereby flooding and destroying valuable mines located on
lands of which S. claimed to be the owner.   Upon the trial it
appeared that S. was the lessee only of the lands.   The court
thereupon, for that reason, dismissed the action, holding that
a lessee of land could not maintain such an action.   *Held,*
error.

Error from Cherokee district court; CORB A. MC-
NEILL, judge.   Opinion filed November 7, 1908.   Re-
versed.

*Edward E. Sapp, S. C. Westcott,* and *W. R. Cowley,*
for plaintiff in error; *D. R. Hite,* of counsel.

*C. F. Mead, William F. Sapp,* and *Andrew S. Wilson,*
for defendant in error.

The opinion of the court was delivered by

GRAVES, J.:   The plaintiff claims to own certain valu-
able mining property in Cherokee county, which is lo-
cated near Spring River.   He alleged in his petition
that the defendant erected a dam across Spring River,
causing the water in that stream to rise and stand about
twenty feet above its normal height; that by reason
of this condition the water finds an outlet from the
river through the earth composing the river bank, and
"percolates and flows" through the ground to and into
plaintiff's mines, making it impossible to work them,
and entirely destroying their value.

A demurrer to the petition was presented and over-
ruled.   The case was then tried upon the facts, and,
when the plaintiff rested, a demurrer to the evidence

was interposed. The court thereupon dismissed the case.

The chief ground of the demurrer to the petition was that it showed upon its face that the damage complained of was caused by percolating water, for which, it is contended, no action can be maintained.

The chief reason assigned by the court for the dismissal of the case is that the evidence showed the plaintiff's right to the land to be that of a lessee only, and therefore he could not maintain an action of this nature. We think this is error. The plaintiff had a right to have his claim adjudicated. Even if a mere lessee, he had rights there, which he is entitled to have protected. There was evidence, however, which tended to show that he owned the mineral at the time the injuries were received, and he was entitled to have this question determined and decided specifically. The judgment must therefore be reversed and the case remanded for a new trial.

It would be premature to consider the much-discussed question as to the law relating to percolating water, and we therefore refrain from expressing any opinion upon that subject, except to say that the words "caused . . . to percolate and flow," as used in the petition, are broader and mean more, as against a demurrer, than the word "percolating" as used in the opinions cited. When the plaintiff has had an opportunity to show how the water which he says floods his mines reaches them, and from where, we can better consider the question of percolating waters as applied to this case.

The judgment of the district court is reversed, with directions to proceed in accordance with the views herein expressed.